JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TIRATH RAM,

               Petitioner,

    v.

WARDEN/FACILITY DIRECTOR, ADELANTO ICE PROCESSING CENTER,

               Respondent.

Case No. EDCV 26-0748-JAK (PVC)

**ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

On February 17, 2026, Petitioner Tirath Ram ("Petitioner"), who has been detained by U.S. Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), challenging his ongoing civil immigration detention. (Dkt. No. 1). The Petition named as a Defendant the Warden/Facility Director at the Adelanto ICE Processing Center, which is in the Central District of California. (*Id.* at 1). On March 2, 2026, Respondent filed a document entitled "Federal Respondent's Notice of Lack of Jurisdiction; Request for Dismissal." (Dkt. No. 8). In this filing, Respondent asserted that Petitioner was housed at the Mesa Verde ICE Processing Center in Bakersfield, California, which is outside of the Central District of California. (*Id.* at 1–2). On March 4, 2026, Petitioner filed a Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1405(a) and 1631, stating that although Petitioner believed at the

time of filing the Petition that he was detained within the jurisdiction of the Central District of California, "Petitioner has since confirmed that he is detained at the Mesa Verde ICE Processing Facility in Bakersfield, California, which lies within the jurisdiction of the Eastern District of California." (Dkt. No. 9 at 1–2). Bakersfield is located within Kern County, which is located within the jurisdiction of the United States District Court for the Eastern District of California. 28 U.S.C. § 84(b). The district of confinement is the proper venue for a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). As Petitioner is confined in the Eastern District of California, the proper venue for the Petition is that District, not this one.

When venue has been laid in the wrong district, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is within the Court's discretion. *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). The Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that '[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)) (some internal quotation marks omitted)). Here, the interest of justice favors transferring this matter to the district of confinement. *See also* 28 U.S.C. § 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.").

IT IS THEREFORE ORDERED that the Clerk of this Court transfer this matter to the United States District Court for the Eastern District of California.[1]

IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of this Order upon Petitioner.

**IT IS SO ORDERED.**

DATED: March 10, 2026

_Ped Nth_

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.**United States Magistrate Judges have authority to enter nondispositive transfer orders. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 698-99 (9th Cir. 2022) ("The magistrate judge had jurisdiction to issue the transfer order. . . . The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal appellate courts' ability to correct errors. Thus, the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it."); *Dy v. Nale*, 772 F. App'x 558, 559 (9th Cir. 2019) ("[T]he magistrate judge had authority to enter the nondispositive transfer order." (citing *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015))).